IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **SKIP PALMER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **7:04-cv-3262-UWC** |
| **AEARO CORPORATION,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION ON DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS**

Plaintiff initially brought this personal injury action on November 11, 2004, and filed an Amended Complaint on March 1, 2006. (Docs. 1, 107.)  Plaintiff worked as a motorman at Jim Walter Mine #5 from 1980 to 2001 and alleges that while there he was exposed to silica which caused lung disease.  The Amended Complaint states that the Defendants negligently designed, manufactured, and marketed equipment, and failed to warn Plaintiff of the risk of silica exposure.

Many of the Defendants have filed motions for Judgment on the Pleadings arguing that Plaintiff's complaint is barred by the Statute of Limitations.  Alabama has a two year statute of limitations in personal injury actions.  ALA. CODE § 6-2-28.  Additionally, Alabama law holds that the statute of limitations begins to run

on the date of last exposure. *Becton v. Rhone Poulenc, Inc.*, 706 So.2d 1134,1135(Ala. 1997).

Plaintiff stated in his Amended Complaint that he worked at the Jim Walter Mine from 1980 to 2001. (Doc. 107, Am. Compl. at ¶ 1.) Because Plaintiff's last day of work was in 2001, that is also his date of last exposure. *Becton*, 706 So.2d at 1135. Plaintiff, though, filed this action in 2004, three years after the date of last exposure. Therefore by the time Plaintiff filed this action the statute of limitations had already tolled.

Accordingly, by separate order this case will be dismissed with prejudice.

Done the 10th day of April, 2006.

U.W. Clemon
Chief United States District Judge